# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| **GERTRUD RADEMACHER**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 15 C 2626 |
| | ) |
| **MENARD, INC.**, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM ORDER**

Although counsel for defendant Menard, Inc. ("Menard") has complied with this District Court's LR 5.2(f) by the timely transmittal to this Court's chambers of Menard's Answer to the Complaint brought against it in this personal injury action filed by plaintiff Gertrud Rademacher ("Rademacher"), this Court has not previously had the opportunity to review that responsive pleading since its filing about a week ago. Regrettably this Court's current review has revealed some problematic aspects of both the Answer and its bushel-full of purported affirmative defenses ("ADs"), so that this sua sponte memorandum order requires Menard's counsel to return to the drawing board to cure the defects identified here.

To begin with, Menard's counsel has joined the inexplicably large group of lawyers who find themselves unable to follow the plain language of the disclaimer provision of Fed. R. Civ. P. ("Rule") 8(b)(5), inserted by the drafters of that Rule to deal with situations in which a litigant cannot comply with the Rule 8(b)(1)(B) directive to "admit or deny" some allegation or allegations of a complaint. Despite the clear and unambiguous roadmap marked out by

Rule 8(b)(5), here is the locution that pervades Answer ¶¶ 1 through 5 and 8 to Rademacher's 10-paragraph Complaint:

> The defendant lacks sufficient information to admit or deny the allegations contained within paragraph -- and, therefore, denies the same.

Not only does that departure from Rule 8(b)(5) omit any reference to <u>belief</u>, which even a moment's thought confirms that it substantially ratchets up the difficulty of advancing such a disclaimer, but Menard's counsel then compounds the impermissibility of the above-quoted response by adding "and, therefore, denies the same." It is of course oxymoronic for a party to assert (presumably in good faith) that it lacks even enough information to form a <u>belief</u> as to the truth of an allegation, then proceed to <u>deny</u> it. Because such a denial is at odds with the pleader's obligations under Rule 11(b), the quoted language is stricken from each of those paragraphs of the Answer.

So much, then, for the pervasive flaw in the Answer itself. But hard on the heels of that response, Menard's counsel follows the Answer with no fewer than 19 (!) purported ADs, as though to emulate the large variety of Menard's products that it markets to the consuming public. Although what follows is not necessarily exhaustive, here are some obvious problems with the ADs (referred to here, for example, as "AD 2" rather than employing counsel's usage of "Second Defense"):

1. AD 2 advances a kind of belt-and-suspenders assertion that has no place in federal pleading.

2. AD 2 is clearly incorrect in stating that Menard "is entitled to a credit or setoff for <u>any</u> and <u>all</u> collateral source payments" -- an understandable error, because any such assertion is totally premature. Collateral source

payments may or may not diminish Rademacher's recovery if she is successful, so that AD 5 is stricken without prejudice to its potential reassertion if discovery establishes a potential right to a specific credit or setoff.

3. AD 6 is really meaningless in the context of Rademacher's claim, and it too is stricken.

4. If AD 7 is factually correct, Menard is duty-bound to raise it now via a motion with appropriate support (both factual and legal), else the asserted AD will be deemed to have been waived.

5. What has just been said as to AD 7 applies as well to AD 8.

6. AD 10 is not really an AD at all. Menard's counsel would do well to read App'x ¶ 5 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 279 (N.D. Ill. 2001).

7. As if to demonstrate graphically the lack of thought that has gone into Menard's responsive pleading, AD 16 is only a verbatim repetition of AD 5!

8. Even apart from the fact that Menard has the full opportunity to deny the allegations of Complaint ¶ 8 as to its duties (a denial that would render AD 17 inappropriate -- again see App'x ¶ 5 to State Farm), AD 17 as stated is dead wrong as a matter of law.

In light of the number of matters that require correction in Menard's pleading, it would make no sense to create a patchwork pleading quilt through a series of individual amendments to that document. Instead the Answer and ADs are stricken in their entirety, with Menard's counsel

given leave to file a self-contained responsive pleading (which may include legally permissible ADs) on or before April 24, 2015. And there is certainly no reason that the client should have to pay for the correction of lawyer errors, so that Menard's counsel is ordered (1) to make no charge for the time and expense involved in the repleading and (2) to apprise Menard to that effect by a letter accompanied by a copy of this memorandum order, with a copy of the letter to be transmitted to this Court (purely as an informational letter and not for filing).

                                                _____
                                                Milton I. Shadur
                                                Senior United States District Judge

Date: April 10, 2015