# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| GERTRUD RADEMACHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 15 C 2626 |
| | ) |
| MENARD, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Counsel for defendant Menard, Inc. ("Menard") has just filed its Answer to the Amended Complaint filed against it by Gertrud Rademacher ("Rademacher"), who alleges that she was injured in a Menard's store in Shererville, Indiana when an inclined moving walkway malfunctioned. As this memorandum opinion and order will explain, if the current filing by Menard's counsel were to be taken at face value, the incident carefully spelled out in detail in the original Complaint and elaborated on in the Amended Complaint never took place -- it must have been the product of an overactive imagination or, even worse, the product of a deliberate effort to perpetrate a fraud on the court.

Of course that is not so at all. Instead the ongoing pattern of filings on Menard's behalf in this action displays a disturbing level of obstructionism, wholly at odds with the openness to be expected on the part of responsible federal practitioners. Lest what has been to this point might mistakenly be viewed as unfairly judgmental, a review of the total bidding in this litigation should dispel any such concern.

This action originated in the Circuit Court of Cook County, but it was timely removed to this District Court on March 27 of this year under the diversity-of-citizenship branch of federal subject matter jurisdiction. Because Menard's counsel had failed to comply with the LR 5.2(f) requirement that a hard copy of the Notice of Removal must be delivered to this District Court for transmittal to the judge assigned to the case, this Court waited almost a week, then ordered such delivery (coupled with the payment of a $100 fine) -- and on receipt of the Notice and related papers this Court issued its customary initial scheduling order on April 6.

Meanwhile Menard's counsel filed both an Answer and multiple affirmative defenses ("ADs") to Rademacher's brief one-count, ten-paragraph Complaint. That responsive pleading was so flawed as to trigger a sua sponte memorandum order by this Court calling for a total do-over:

1. Each of the ten answering paragraphs drafted by Menard's counsel took this form, a hybrid of (a) an impermissibly distorted substitute for a Fed. R. Civ. P. ("Rule") 8(b)(5) disclaimer coupled with (b) an oxymoronic denial of the very same allegations that Menard had disavowed having enough information to admit or deny:

    > The defendant lacks sufficient information to admit or deny the allegations contained within paragraph -- and, therefore denies the same.

2. Menard's Answer itself was followed by a "bushel-full of purported affirmative defenses ("ADs")" (19 in all) that violated some of the most fundamental principles of federal pleading.

With the Answer and Affirmative Defenses therefore having been stricken in their entirety by this Court, the next stage in the litigation came when Rademacher's counsel filed an

Amended Complaint, comprising (1) two counts rather than one naming Menard as a defendant and (2) eight new counts targeting members of the ThyssenKrupp corporate family (as will be seen, Menard itself had disclosed in one of its earlier filings that a ThyssenKrupp company had manufactured and installed the moving walkway responsible for Rademacher's injuries). So the return of Menard's counsel to the drawing board took the form of a response to that Amended Complaint, rather than a rewrite of the Answer to the original Complaint.

This time Menard's counsel managed to provide no useful information at all, for he (1) flat-out denied every one of the 23 paragraphs now advanced against Menard (a repeat of the 10-paragraph Count I plus a 13-paragraph Count II asserting a res ipsa loquitur theory) and then (2) responded to every paragraph of the ThyssenKrupp-targeting counts with a Rule 8(b)(5) disclaimer formula. Only a moment's thought is needed to recognize just how uninformative those combined approaches are.

As for the Menard-related paragraphs, we are left to guess just what information could have come to counsel during the bit over a month that had elapsed between Menard's two responsive pleading efforts that purportedly enabled Menard to shift from an absence of "sufficient information to admit or deny [Rademacher's] allegations" to an outright denial of those selfsame allegations. Quite to the contrary, Menard's Notice of Removal had itself <u>expressly</u> reflected Menard's knowledge of the occurrence sued on by Rademacher. Here is Notice of Removal ¶ 8 in part:

> The defendant has received medical records of the plaintiff prior to the initiation of litigation. Said medical records reveal claims and allegations of severe pain, 7/10, radicular symptoms into the lower extremities, "severe radiation pain" into her lower extremities and claims of injury to the plaintiff's shoulder, knees, lumbar spine and cervical spine. The plaintiff also claims difficulty ambulating; indicative of a claim for a permanent disabling condition. Based on these allegations, it is anticipated that the plaintiff will continue to seek treatment for

> her alleged injuries and that surgical intervention might be recommended. The full extent of the plaintiff's allegations are unknown, as well as the total for any medical expense the plaintiff might be alleging. The defendant is aware, though, at this time, of claimed medical specials totaling thousands of dollars.

And there is more to refute the baseless assertion that Menard was lacking in information from the beginning: AD 9 among Menard's original host of ADs had specifically identified one of the ThyssenKrupp companies, ThyssenKrupp Elevator Company, as "the manufacturer or installer of the subject walkway."

Quite apart from the level of hypocrisy thus manifested by Menard's unexplained change in its pleading stance, this Court's best guess from the current Answer's Count I ¶ 1 downright denial of the allegation that "the Defendant, MENARD, INC., owned operated, managed, maintained, controlled and/or possessed the premises located at 1000 US Highway 41, in the City of Shererville, County of Lake and State of Indiana" is that Menard, Inc. may be the company at the top of the corporate heap, with the actual operations of the store where Rademacher was injured being conducted by a subsidiary or perhaps a franchisee of the parent company.[1] But if such is the case, that still does not justify the current simplistic approach that Menard's counsel takes to his professional responsibility.

Why is that so? For starters, any responsible federal litigator has to be well aware that the advanced disclosures mandated by Rule 26(a), buttressed by the specific terms of this Court's initial scheduling order (although any such buttressing is hardly necessary), would necessarily

---

[1] That hypothesis would appear to be entirely consistent with the ubiquitous advertising in the "Menards" name (a registered mark -- neither "Menard" nor "Menard's") both on television and in the weekend inserts in newspapers such as the Sunday <u>Chicago Tribune</u>, for those materials never carry a specific location of the store or stores involved -- instead all are institutional in nature.

provide that information to Rademacher's counsel up front, enabling that counsel to file a swift amended pleading that would smoke out the real predicate for Menard's across-the-board denials.

As for the allegations in the ThyssenKrupp-related counts, counsel's across-the-board Section 8(b)(5) disclaimers are, to be blunt, false in many respects, for without question Menard has had enough information from the very outset to form a <u>belief</u> as to many of Rademacher's allegations in those counts. It must never be forgotten that Rule 11(b)(1) requires every lawyer to have a good faith predicate, both subjectively and objectively, for what the lawyer says in his or her pleadings. On that score this Court obviously has no informational yardstick for differentiating among Menard's disclaimers in terms of their legitimacy (or lack of it), but what <u>is</u> clear is that Menard's counsel must return to the drawing board once again to correct the many defects that have been identified in this opinion.

**Conclusion**

It is always a source of keen regret when a federal court, which can most profitably devote its opinions to the resolution of disputes between the litigants before it, finds it necessary instead to take a lawyer to task for major and pervasive pleading errors that have blocked the meaningful development of those disputes through conduct that has the effect of obfuscatory stonewalling. To be sure, the <u>Twombly</u>-<u>Iqbal</u> dichotomy casts the underlying federal principle of notice pleading in terms of the federal plaintiff -- but it ought to be clear that notice pleading is not a one-way street.

Here this straightforward personal injury case, brought to this District Court by removal from its state court place of origin, has been on the federal docket for just short of two months, yet not a word has been forthcoming from defendant Menard that provides even a hint of where the litigants part company -- or, perhaps even more importantly, where they are on the same

- 5 -

page -- in substantive terms. That is simply intolerable, and this Court would have been remiss if it simply left the action in its current totally uninformative stage.

Hence all of the flaws spoken of here have triggered this sua sponte opinion in an effort to get the case moving forward. Menard's counsel is ordered to replace the current Answer with a self-contained Amended Answer on or before June 3, 2015, and this action is set for a status hearing at 9 a.m. June 19, 2015.[2]

_____
Milton I. Shadur
Senior United States District Judge

Date: May 21, 2015

---

[2] Finally, no charge may be made to Menard by its lead counsel for the added work and expense incurred in correcting counsel's errors. Menard's lead counsel is ordered to apprise his client to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).