# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| **GERTRUD RADEMACHER**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15 C 2626 |
| | ) | |
| **MENARD, INC.**, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

This Court's May 21, 2015 memorandum opinion and order ("Opinion") was sharply critical (justifiably so) of the totally obstructionist responsive pleading (misleadingly captioned "Answer") that had then been filed by counsel for defendant Menard, Inc. ("Menard"). After a careful explanation of the deficiencies in that pleading, the Opinion concluded by ordering Menard's counsel to replace it with a self-contained Amended Answer on or before June 3, 2015.

That Amended Answer has arrived, and even though it has supplanted its totally uninformative predecessor, Menard's counsel inexplicably continues to leave important questions raised by the Opinion unanswered -- and to what end? After all, if Menard was really out of the picture at the time of the incident alleged in the Amended Complaint, as it asserts in Amended Answer Count I ¶ 1 and repeats again and again thereafter, it ought to want to get out of the case entirely at the earliest possible moment.[1]

In any event, unless plaintiff Gertrud Rademacher ("Rademacher") has concocted a totally fictitious story, it would seem likely that some "Menards" identification would have been

---

[1] This Court is not so cynical as to ruminate on the possibility that such a swift disposition might be in the client's interest, but not in counsel's.

present at the store premises to cause her counsel to name it as the defendant here. In that regard it is noteworthy that the same paragraph of the Amended Answer ends with this admission -- albeit without any explanation at all:

> The defendant admits that, prior to April 28, 2013, it operated a retail store located at 1000 US 41, Schererville, Indiana.

This Court sees no reason that the progress (or rather the lack of progress) in this litigation ought to resemble the judicial equivalent of what in ancient days used to be referred to as "pulling teeth." Accordingly it hereby orders that counsel for both Rademacher and Menard appear in court at 9:15 a.m. June 11, 2015, with Menard's counsel to be fully equipped to answer questions of the type posed at pages 3 and 4 of the Opinion or, alternatively, to be accompanied by a Menard representative capable of doing so (much in the nature of a Fed. R. Civ. P. 30(b)(6) witness).

_____
Milton I. Shadur
Senior United States District Judge

Date: June 5, 2015